Norfolk

ROBERT LEE WILLIAMS, a/k/a
ROBERT ASKEW

v.

COMMONWEALTH OF VIRGINIA

No. 0710-90-1

Decided December 10, 1991

394

COUNSEL

Henry L. Sadler, III, for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal, Robert Lee Williams contends that the evidence was insufficient to support his conviction of maliciously causing bodily injury to Alton Biggs with intent to maim, disfigure, disable or kill him. We find no error and affirm the judgment of the trial court.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

The appellant lived with Judy Lovewine for approximately two years. They separated, and Ms. Lovewine rented an apartment which she shared with one of her daughters.

On November 27, 1989, between approximately 3:00 and 4:00 a.m., the appellant came to Ms. Lovewine's apartment and rang the doorbell. When she did not open the door, he went around and knocked on the back door. When she answered neither door, the appellant left, but returned shortly and resumed knocking on the doors. Finally, at approximately 6:00 a.m., he broke the glass in

the back door and entered the apartment. Ms. Lovewine fled. The appellant went to her bedroom and found Alton Biggs, who, having spent the night there, was dressing for work. Each man directed the other to leave. The appellant then attacked Biggs, striking him four or five times with his fists. Biggs neither threatened nor struck the appellant and had no weapon. The appellant continued striking Biggs until the police arrived.

Biggs was taken to the hospital, where he was admitted and treated for five days. His eye was disfigured and swollen by two to three inches. He was treated with antibiotics for an injury to his jaw. At trial, on March 9, 1990, Biggs testified that he was still receiving treatment for his eye, having visited the doctor eight or nine times. He testified that he had been treated for his jaw injury on four occasions and had another appointment scheduled.

Two days before the incident, Ms. Lovewine had received a note from the defendant stating: "Hey Judy, your ass and that negro ass can run but you can't hide. Robert." The appellant admitted that the day before he wrote the note, he had seen Ms. Lovewine with Biggs.

The appellant contends that the evidence was insufficient to establish that he acted maliciously or with the intent to maim, disfigure, disable or kill. He argues that, under the evidence, he could be guilty of no more than simple assault and battery.

> Ordinarily, the fist is not regarded as a dangerous or deadly weapon. Hence, usually, death is not held to be a natural and probable result of a blow with the bare fist. Under ordinary circumstances no malice may be inferred from such a blow even though death results. However, an assault with the bare fist may be attended with such circumstances of violence and brutality that an intent to kill will be presumed.

*Roark v. Commonwealth*, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944) (citations omitted).

In *Roark*, the defendant and the victim quarreled. The defendant struck the victim a single blow with his fist, knocking him to the ground. The victim died as a result of striking his head on the sidewalk. Stating that those circumstances would not support an imputation of malice, the Supreme Court held that the trial court

erred in instructing the jury as to murder. *Id.* at 254, 285 S.E.2d at 697.

In *Shackelford v. Commonwealth*, 183 Va. 423, 32 S.E.2d 682 (1945), the defendant entered into an argument with his estranged wife. His sister-in-law, the victim, intervened. The defendant said, "This is the third time that you have messed in my business and this time I will finish you." *Id.* at 425, 325 S.E.2d at 683. He struck the victim with his fists, first on the nose, next in the eye, and finally on the back of her ear. His wife grabbed him, preventing further assault, and the victim fled. Upholding the defendant's conviction of causing bodily injury with intent to maim, the Supreme Court said:

> The gravamen of the accused's contention is that the Commonwealth failed to establish the specific intent to maim, disable and kill, and that no such intent may be presumed from the blows struck with the naked fist.

> The accused relies upon [*Roark*], wherein it was held that under ordinary circumstances no malice may be presumed by a blow from the fist even though death results. "However, an assault with the bare fists may be attended with such circumstances of violence and brutality that an intent to kill will be presumed."

*Id.* at 426, 32 S.E.2d at 684 (citations omitted). Noting that the defendant, a strong man, had made an unprovoked attack upon a woman, striking her at least three severe blows on her face and head with the expressed intention to "finish" her, and that the attack was brought to an end only by the intervention of the defendant's wife and the flight of the victim, the court concluded:

> This evidence, plus the unprovoked and brutal attack by the accused upon a defenseless woman in her own home in the early hours of the morning, is clearly sufficient to establish the specific intent defined in the statute.

*Id.* at 427, 32 S.E.2d at 684.

In *Dawkins v. Commonwealth*, 186 Va. 55, 41 S.E.2d 500 (1947), the defendant, a large man who had been a professional wrestler, rammed his car into the victim's car several times. When

the victim, an older and smaller man, parked and got out to remonstrate, the defendant attacked him, beating him in the face with his fists and kneeing him in the groin, until the victim's face was beaten to a pulp, both eyes were closed, and his nose was broken in several places. The Supreme Court held that the brutality of the assault supported the finding that it was committed with the intent to maim, disfigure, disable or kill the victim. *Id.* at 63, 41 S.E.2d at 504.

In *Bryant v. Commonwealth*, 189 Va. 310, 53 S.E.2d 54 (1949), the defendants, two young men, called the victim out of his home at night, threatened to kill him, and beat him with their fists until blood ran from his ears, nose and mouth. His ear and his lips were swollen and bruised. The victim was not confined to bed, nor did he lose time from his business. In affirming the defendants' convictions under the maiming act, the Supreme Court said:

> The test of the offense of maliciously or unlawfully causing bodily injury is the intent with which the result is accomplished rather than the nature of the means, where the means are specified and established. Thus, one may permanently maim, disfigure, disable or kill with the fists, or knees, if the force is applied with violence and brutality.

*Id.* at 317, 53 S.E.2d at 57.

In *Fletcher v. Commonwealth*, 209 Va. 636, 166 S.E.2d 269 (1969), the defendant assaulted the victim Thompson, beating him in the face with his fists until blood ran out of his eyes, nose and mouth. Thompson sustained cuts on his forehead, over the side of his mouth, and on his cheek. There were bruises below the lower lid of his right eye and a moderate superficial hemorrhage in his eye. As a result, he suffered from double vision. He sustained what his doctor described as a "blow-out fracture of the orbital floor with incarceration of muscle and the orbital tissue in the fracture." *Id.* at 638, 166 S.E.2d at 271. The Supreme Court said:

> Under ordinary circumstances, an intent to maim may not be presumed from a blow with a bare fist. But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed.

Here the evidence shows that the assault with the bare fist was attended with such circumstances of violence and brutality that an intent to maim, disfigure or kill may be presumed.

*Id.* at 640-41, 166 S.E.2d at 273 (citations omitted).

The appellant came to Ms. Lovewine's home bent on trouble. Denied entry, he broke into the apartment. Finding Biggs there, he committed an unprovoked and brutal assault upon him, inflicting serious injury which required continuing treatment which was not yet complete at the time of trial. The attack ended only with the arrival of the police. The record does not reveal the respective sizes of the appellant and the victim. However, the trial court had the occasion to observe both men and their demeanor. It lay within its province to assess the two men and the circumstances surrounding the assault, and from those circumstances to infer the appellant's intent. The record supports the trial court's determination that the attack on Biggs was made by the appellant with the intent to maim, disfigure, disable or kill.

The appellant contends that the evidence does not support the finding that he attacked Biggs with malice. We disagree. Malice inheres in the intentional doing of a wrongful act without legal justification or excuse. Malice is not confined to ill will, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief. Malice is implied from any willful, deliberate and cruel act against another. *See id.* at 640, 166 S.E.2d at 273.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.