COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


GREGORY T. COLEMAN, S/K/A
 GREGORY TARIQUE COLEMAN
                                        MEMORANDUM OPINION* BY
v.    Record No. 2008-98-2              JUDGE DONALD W. LEMONS
                                            DECEMBER 14, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ORANGE COUNTY
                 Lloyd C. Sullenberger, Judge

          Charles W. Bowman (Higginbotham & Bowman,
          P.L.C, on brief), for appellant.

          Thomas D. Bagwell, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


    Gregory Tarique Coleman appeals his conviction in a jury

trial of unlawful wounding with intent to maim, disfigure,

disable or kill, in violation of Virginia Code § 18.2-51.  He

contends that the evidence was insufficient to support the

requisite intent for the conviction.  Finding no error, we

affirm the judgment of the trial court.

    On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting the Commonwealth all reasonable

inferences fairly deducible from it.  See Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

--------
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(citation omitted).  The judgment of the trial court will be set aside only if plainly wrong or without supporting evidence.  See Commonwealth v. Thomas, 23 Va. App. 598, 609, 478 S.E.2d 715, 720 (1996).

So viewed, the Commonwealth proved that Coleman was a production line worker at American Woodmark.  In August of 1997, Coleman threatened "to whip Bob [Garber's] God damn ass." Garber was Coleman's supervisor.

On October 8, 1997, Garber called Coleman into his office to discuss Coleman's job performance.  As Garber was talking to Coleman, Coleman stood up and swept the contents of Garber's desktop onto the floor.  Coleman then charged Garber and punched him in the face eight times.  After Garber pushed Coleman away with his foot, Coleman cursed Garber and left the office. Within minutes after the altercation, Coleman said to a co-worker, "I bust [sic] his ass."

Garber suffered significant bruising on his face and forehead as a result of the assault, as well as two orbital bone fractures, a subjunctival hemorrhage and herniation of the fat associated with the eye membrane.  The doctor who treated Garber testified that it takes significant force to break an orbital bone.  Garber further suffered a nasal bone fracture and lacerations to the bridge of his nose and under his eye on the left side.

-

To sustain a conviction for unlawful wounding, the Commonwealth must prove that the bodily injury was caused "with intent to maim, disfigure, disable, or kill."  Code § 18.2-51. "Intent in fact is the purpose formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements.  And a person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act."  Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977) (citations omitted).

Ordinarily, the blows inflicted with bare fists do not imply intent to kill, disable, disfigure or maim the victim. See Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944).  But such blows, if applied with sufficient violence or brutality, may allow the trier of fact to infer that the defendant possessed the requisite intent.  See Bryant v. Commonwealth, 189 Va. 310, 317, 53 S.E.2d 54, 57 (1949); Williams v. Commonwealth, 13 Va. App. 393, 395, 412 S.E.2d 202, 203 (1991).

Coleman attempts to distinguish his case from others where convictions of maiming by blows of the fists have been upheld. See e.g., Fletcher v. Commonwealth, 209 Va. 636, 166 S.E.2d 269 (1969); Bryant, 189 Va. 310, 53 S.E.2d 54; Dawkins v. Commonwealth, 186 Va. 55, 41 S.E.2d 500 (1947); Williams, 13 Va. App. 393, 412 S.E.2d 202.  Coleman claims that those cases involved "significant attendant facts to demonstrate the

-

explicit or implicit intent of the defendant to do serious bodily harm to the victim."  Coleman contends that unlike the defendants in those cases, he became "suddenly upset" "and lashed out," "intend[ing] to assault Garber," but "not intend[ing] the injuries that occurred."  Coleman therefore claims he did not have the requisite intent.  We disagree.

The severity of the attack, the extent of the injuries, the history of Coleman's frustration with Garber and the statements of Coleman both before and after the altercation, support the jury's finding of intent to maim, disfigure, disable or kill. Additionally, the jury was permitted to reject Coleman's account of the incident.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Coleman was guilty of unlawful wounding.

The judgment is affirmed.

Affirmed.

-