COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Chesapeake, Virginia


DAVID JOHN ROEBUCK

                                      MEMORANDUM OPINION* BY
v.    Record No. 1060-99-1       JUDGE JERE M. H. WILLIS, JR.
                                         JANUARY 27, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Everett A. Martin, Jr., Judge

             David H. Moyer (Bashara & Hubbard, on brief),
             for appellant.

             Jeffrey S. Shapiro, Assistant Attorney
             General (Mark L. Earley, Attorney General, on
             brief), for appellee.


     On appeal from his conviction of unlawful wounding, in

violation of Code § 18.2-51, David John Roebuck contends that

the evidence was insufficient to support the conviction because

the Commonwealth did not prove felonious intent or a wounding.

We affirm.

     "When considering the sufficiency of the evidence on appeal

of a criminal conviction, we must view all the evidence in the

light most favorable to the Commonwealth and accord to the

evidence all reasonable inferences fairly deducible therefrom."

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 718,

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

721 (1988). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On August 25, 1998, Derrick Danner argued with Terry Winer, who complained to Roebuck. Roebuck went looking for Danner, but could not find him. Roebuck searched unsuccessfully a second time, carrying a baseball bat and bragging to Winer's son that he come along to watch the "big fight." Finally, after a third search, Roebuck found Danner, who was sitting on an outside bench in the trailer park. Roebuck struck Danner from behind, knocking him unconscious. Winer, who was present, testified that Roebuck struck Danner in the face approximately thirteen times and that he bragged if he had had a brick, it would have been the "grand finale."

The indictment, tracking Code § 18.2-51, charged that Roebuck "did maliciously wound or cause bodily injury to" Danner. Roebuck was convicted in a bench trial of unlawful wounding, a lesser offense included within Code § 18.2-51. He was sentenced to five years imprisonment, with three years suspended, and ordered to pay Danner $2,500 restitution.

Roebuck contends that the evidence is insufficient to support his conviction. He argues, first, that the evidence

-

failed to prove that he acted with the intent required by the statute.

Code § 18.2-51 states:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony[, the lesser-included offense of unlawful wounding].

Roebuck relies on the general proposition that a blow struck with bare fists, under ordinary circumstances, is insufficient to imply an attack with the intent to "maim, disfigure, disable, or kill." Id. See also Williams v. Commonwealth, 13 Va. App. 393, 395-96, 412 S.E.2d 202, 203-04 (1991). He argues that the trial court's finding that he did not act with malice excludes the possibility that he acted with the requisite intent. We disagree. "[A]n assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to [maim, disfigure, disable, or] kill may be presumed." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969).

The record supports the finding that Roebuck intended to attack Danner with such violence and brutality. He searched for Danner three times, once while wielding a baseball bat. He encouraged Winer's son to accompany him to watch the "big fight," and he bragged that if he had had a brick, it would have

-

been the "grand finale." His conviction of unlawful wounding, a lesser-included offense, does not alter the violence and brutality of the attack. Roebuck knocked Danner unconscious. Danner's injuries included a bloody lip, a black eye, lost teeth, and a broken cheekbone. He testified that he continues to suffer from seizures, dizziness, and numbness on the left side of his face. The severity and number of blows demonstrate Roebuck's intent "to maim, disfigure, disable, or kill" his victim. Code § 18.2-51.

Roebuck also contends that the evidence was insufficient to prove a wounding. See Code § 18.2-51. Under familiar principles, we will address only those issues raised at trial. See Rule 5A:18; Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992). At trial, defense counsel moved to strike the evidence at the conclusion of the Commonwealth's case-in-chief, stating, "there's insufficient evidence to show . . . malice on the part of the defendant." Because the trial court found Roebuck guilty of unlawful wounding, a lesser-included offense, this objection is moot. At the close of the trial, defense counsel renewed his motion to strike, stating "the evidence is [in]sufficient . . . to show that these injuries were sufficient to show felonious intent . . . ." At no point did defense counsel object to the insufficiency of the evidence based upon whether it proved a wounding as defined within Code § 18.2-51.

-

The judgment of the trial court is affirmed.

Affirmed.