COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


ERIC DURRELL JACKSON

                                          MEMORANDUM OPINION[**] BY
v.    Record No. 0388-99-2              JUDGE DONALD W. LEMONS
                                              MAY 23, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Margaret P. Spencer, Judge

              Conrad C. Lewane for appellant.

              Linwood T. Wells, Jr., Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Eric Durrell Jackson appeals his conviction for malicious

wounding.  On appeal, he argues that (1) he proved self-defense,

(2) the evidence was insufficient to prove malice, and (3) the

trial court erred by considering his juvenile offenses when

computing his total point score for purposes of determining

sentencing guidelines recommendations.

_____

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.  BACKGROUND

In this bench trial, the evidence demonstrated that on August 9, 1998, Jackson was involved in an altercation with Alicia Venable in the backyard of her apartment building. According to Venable, Jackson accused her of taking "some coke from one of his trash cans."  Venable denied the allegation, and Jackson became "emotional."  Venable testified that during the argument, Jackson was "swinging his hand."  She testified that Jackson "was saying that the girl told him I had took his stuff out of the trash can.  I thought he was going to swing."  She later stated that Jackson "wasn't swinging," that she "didn't know if he was going to swing or not," but that she thought he "was going to swing at [her]."

While arguing with Jackson, Venable reached into her pocket with her right hand and grasped a closed switchblade knife that she had retrieved earlier from her home to protect herself from the woman who accused her of taking the "coke" from Jackson's trash can.[1]  According to Venable, when Jackson swung one of his hands, she moved her right hand up for protection while still holding the closed switchblade.  Jackson hit Venable in the face, and she fell to the ground on top of a fire hydrant and nearby sewer.  According to Venable's testimony, nobody was present in the immediate area except Jackson and her and Jackson

_____

[1] Venable testified that the woman was armed with a knife.

-

kicked her either before or after the punch.  After the blow, Jackson's mother, Lillian, came out of her house to assist Venable.  Lillian took Venable to the hospital where she received seventeen stitches in her head and was treated for a fractured jaw.

At trial, the Commonwealth's attorney asked Venable whether her injuries "were from the punch or punches that [she] received from the defendant."  Venable responded affirmatively again and was asked to describe her injuries.  She stated, "My head was bust open, I got about 17 stitches, and my jaw was fractured." At the conclusion of her direct examination, the Commonwealth's attorney asked Venable whether the seventeen stitches she received were "a result of the one punch."  Venable stated,

> Yeah, but it's a fire hydrant where the
> sewer hole's right there where I landed at,
> and that could have bust my head open.  I
> can't say that the punch bust my head open.
> I landed on top of that great big sewer
> thing there.  My head could have hit that.

Jackson's mother testified that she came out of the house while appellant and Venable were arguing and saw Venable swinging an open knife at him.  As she ran over to them, she claimed to have seen Jackson hit Venable one time and Venable fall.  Appellant's mother could not, however, testify where Jackson hit Venable.

Antonio Kidd, Jackson's neighbor, testified that he was in his house when he heard an argument outside.  He walked to the

-

door and saw Venable holding an open knife and waving it in Jackson's face. Kidd stated that as soon as Jackson hit Venable, he walked back inside because "it wasn't [his] business" and that he did not see where Jackson hit Venable nor did he see her fall to the ground. Kidd testified that Lillian Jackson was not outside during the altercation.

Jackson testified that earlier that day he was playing a "dice game" outside when police came and he fled. During his flight, he dropped some money and when he returned, it was gone. He later accused Venable of taking the money. He said that she pulled a knife on him and was swinging it at him and that he "just hit her." He claimed the knife was open and that he thought Venable would stab him.

After all the evidence was presented, the judge stated, "The Court has reviewed the jury instruction on self-defense, both the jury instruction on the defendant without fault and the jury instruction on the defendant with fault, and I'm ready to reach a decision." The trial court found Jackson guilty of malicious wounding. At the sentencing hearing the trial court considered sentencing guidelines utilizing juvenile adjudications in 1995 for abduction, use of a firearm in the commission of a felony and carjacking.[2]

---

[2] In 1995, Jackson pled guilty to the crimes of abduction, use of a firearm in the commission of a felony and carjacking. He was a juvenile at the time and was placed on probation and given community service. For purposes of sentencing Jackson for

-

                    II.  SELF-DEFENSE

     On appeal, Jackson contends that the evidence at trial

proved that Venable was struck only after she swung an open

knife near his face.  "Self-defense is an affirmative defense

which the accused must prove by introducing sufficient evidence

to raise a reasonable doubt about his guilt."  Smith v.

Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

"The trier of fact determines the weight of evidence in support

of a claim of self-defense," Gardner v. Commonwealth, 3 Va. App.

418, 426, 350 S.E.2d 229, 233 (1986), and "[a] trial judge's

factual findings will not be disturbed on appeal unless plainly

wrong or without evidence to support them."  Smith, 17 Va. App.

at 71, 435 S.E.2d at 416.

     Although it was a bench trial, the trial judge consulted

the Virginia Model Jury Instructions to determine the elements

of self-defense.  The Model Jury Instruction for self-defense

"With Fault" states:

          If you find from the evidence that the
     defendant was to some degree at fault in
     provoking or bringing on the [fight], and if
     you further find that when attacked:
     (1) he retreated as far as he safely could
     under the circumstances
     (2) in a good faith attempt to abandon the
     fight; and

_____

the malicious wounding conviction, when computing the points for
Jackson's convictions as a juvenile, he has a total of 134
points, or a range under the guidelines of 6 years to 13 years,
4 months.  Without considering those convictions, Jackson would
have 44 points, or a range of 1 year, 10 months to 5 years.

                            -

> (3) made known his desire for peace by word or act; and
> (4) he reasonably feared, under the circumstances as they appeared to him, that he was in danger of bodily harm; and
> (5) he used no more force that [sic] reasonably necessary to protect himself from the threatened harm, then you shall find the defendant not guilty.

Even if Jackson was entitled to defend himself, the evidence viewed in the light most favorable to the Commonwealth is sufficient to prove that he was "to some degree at fault in provoking or bringing on the fight," that he did not retreat as far as he safely could under the circumstances, that he did not make a good faith attempt to abandon the fight, and that he did not make known his desire for peace. See Lynn v. Commonwealth, 27 Va. App. 336, 499 S.E.2d 1 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). Accordingly, we hold that the trial judge properly rejected Jackson's claim of self-defense.

### III. SUFFICIENCY OF THE EVIDENCE -- MALICE

When an appellant challenges the sufficiency of the evidence upon which a conviction is based, this Court must view the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The credibility assigned to a witness, the weight accorded the testimony and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8

-

Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Because it hears and observes the witnesses, the judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and should not be set aside unless plainly wrong or without evidence to support it. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

According to "[f]undamental principles," the Commonwealth must "prove every essential element of the offense beyond a reasonable doubt." Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997). For circumstantial evidence to prove guilt beyond a reasonable doubt, it must be wholly consistent with guilt and wholly inconsistent with innocence. See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

Code § 18.2-51 provides in pertinent part:

> If any person maliciously . . . wound[s] any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Thus, the statute defines two crimes: malicious wounding and the lesser-included offense of unlawful wounding. The element of malice distinguishes the two, and it is the Commonwealth's burden to establish that element. See Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987).

-

On appeal, Jackson argues that the Commonwealth failed to prove the element of malice.

It is clear that Jackson's punch caused bodily injury to Venable.  Venable's testimony, when viewed in the light most favorable to the Commonwealth, was that her jaw was fractured by the punch, not by the subsequent fall.

Q  Did you have any injuries?

A  Yes, I did.

Q  And were they received from the punch or punches that you received from the defendant?

A  Yes.

Q  Tell the Court what your injuries were.

A  My head was bust open, I got about 17 stitches, and my jaw was fractured.

   *     *     *     *     *     *     *

Q  Now, can you point on your head as to where you received those stitches.

A  Across here.

Q  Is that a result of the one punch that you remember?

A  Yeah, but it's a fire hydrant where the sewer hole's right there where I landed at, and that could have bust my head open.  I can't say the punch bust my head open.  I landed on top of that great big sewer thing there.  My head could have hit that.

Q  You landed on top of that as a result of the punch that the defendant gave you?

A  Yeah.

-

Venable initially attributed both the gash in her head and the fractured jaw directly to the punch. Later in her testimony, however, she clarified that the gash _may_ have been caused as a result of falling against the fire hydrant. The evidence shows that Jackson's punch fractured Venable's jaw and sent her to the ground whereupon she hit her head on a fire hydrant causing the gash on her head.

"Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will." Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947). However,

> [m]alice is not confined to ill will, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief. Malice is implied from any willful, deliberate and cruel act against another.

Williams v. Commonwealth, 13 Va. App. 393, 398, 412 S.E.2d 202, 205 (1991). "Ordinarily, the fist is not regarded as a dangerous or deadly weapon . . . [; therefore, it follows that under] ordinary circumstances no malice may be inferred from such a blow." Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 696 (1944).

The evidence viewed in the light most favorable to the Commonwealth proved that Jackson, in the midst of an altercation that he was in some degree at fault in provoking, struck

-

Venable. Although the force of a single punch was sufficient to injure Venable severely, we cannot say that this record contains sufficient evidence from which the fact finder could have inferred malice. See, e.g., Dawkins, 186 Va. 55, 41 S.E.2d 500; Williams, 13 Va. App. 393, 412 S.E.2d 202; Campbell v. Commonwealth, 12 Va. App. 476, 405 S.E.2d 1 (1991) (en banc). This attack consisted of one punch and apparently one kick. There is no proof of prior animosity between Jackson and Venable. The evidence does not indicate that threats preceded the attack. After striking the victim, Jackson apparently walked away from her without intervention by a third party. Cf. Shackleford v. Commonwealth, 183 Va. 423, 32 S.E.2d 682 (1945); Williams, 13 Va. App. 393, 412 S.E.2d 202. Because the gash to Venable's head was apparently caused by the fortuitous falling on a fire hydrant, an inference of malice may not be drawn from the extent of that injury.

Accordingly, the evidence was insufficient to support a finding of malice and, consequently, insufficient to sustain the malicious wounding conviction.

IV. CONSIDERATION OF JACKSON'S JUVENILE OFFENSES

The trial court imposed a sentence of twenty years with ten suspended. Defense counsel's motion that the court re-sentence Jackson without considering his juvenile convictions was denied. On appeal, Jackson claims that the trial court should not have considered the previous offenses that he committed as a juvenile

-

when computing the sentencing guidelines recommendation because Code § 16.1-308 (repealed in 1997) was clear and unambiguous in its language that, "A finding of guilty on a petition charging delinquency, under the provisions of this law shall not operate to impose any of the disabilities ordinarily imposed by a conviction for a crime . . . ."

We note from the outset that the sentencing guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993) (citations omitted); see Code § 19.2-298.01; Smith v. Commonwealth, 26 Va. App. 620, 496 S.E.2d 117 (1998). When Jackson was sentenced for the malicious wounding conviction, the applicable law was Code § 17.1-805(B), not Code § 16.1-308. Code § 17.1-805(B) provides for the formulation of discretionary felony sentencing guidelines and specifically states that "previous convictions shall include prior adult convictions and juvenile convictions and adjudications of delinquency based on an offense which would have been at the time of conviction a felony if committed by an adult under the laws of any state, the District of Columbia, the United States or its territories." See Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 455-56 (1998); Harris v. Commonwealth, 26 Va. App. 794, 807, 497 S.E.2d 165, 171 (1998). Even in 1995, the predecessor to Code § 17.1-805(B), and the

-

applicable law when Jackson committed the juvenile offenses, allowed for the trial court to consider, in its discretion, juvenile convictions for purposes of an adult sentencing hearing.  See Code § 17-237.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'"  Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)).

We reverse Jackson's malicious wounding conviction and remand his case to the trial court for retrial on an offense no greater than unlawful wounding.  Jackson's juvenile convictions may be considered for sentencing purposes.

## V.   CONCLUSION

For the reasons stated above, we hold that Jackson's claim of self-defense was properly rejected by the trial court but that the evidence was insufficient to prove that Jackson acted with malice.  The conviction for malicious wounding is reversed and remanded for retrial on an offense no greater than unlawful wounding.

Reversed and remanded.

-