COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


JAMES ANTHONY CLARK

                                    MEMORANDUM OPINION* BY
v.    Record No. 2226-99-2          JUDGE SAM W. COLEMAN III
                                         NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
                      Thomas B. Hoover, Judge

          John W. Luxton (Morchower, Luxton & Whaley,
          on brief), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James Anthony Clark was convicted in a bench trial of

malicious wounding in violation of Code § 18.2-51.  On appeal,

Clark argues that the evidence is insufficient to support his

conviction.  We disagree and affirm the conviction.

## BACKGROUND

     Viewed in the light most favorable to the Commonwealth, the

evidence proved that on the evening prior to the charged offense,

the victim, Michael Dale Johnson, went to a party where his cousin

Robert Berry and the defendant James Clark, were working

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

as DJs.  When Johnson arrived at the party, he refused to pay the required coverage charge, and an argument ensued between Johnson and Clark.  After the argument, Johnson left the party and waited in Berry's car until after the party in order to be taken home by Berry.

The next evening, both Johnson and Clark attended another party.  Johnson was dancing with a female companion, and Clark was there with his wife.  According to Johnson, Clark "rushed" at him and swung at him stating:  "I'm going to fuck you up."  Clark asked Johnson to step outside, but Johnson refused, stating that he did not want any trouble because he was already on probation.  Johnson testified that the two "got locked up" and they had to be separated by other people at the party.  Johnson then saw Clark walk toward the door.  Other witnesses testified that Clark left the building, but Clark testified that he had stopped to talk to the owner when he saw an argument ensue between Johnson and Berry.  Clark decided to intervene.  At that point, according to Johnson, Berry approached him and shoved him and Johnson shoved Berry in return.  While Johnson and Berry were shoving one another, Johnson "sensed" somebody coming up from behind him.  As Johnson turned around, Clark struck Johnson with his fist in the eye.  Clark acknowledged that he walked back over to Johnson and struck him once in the eye.  Johnson fell to the ground and then Clark stood

over him and continued to strike Johnson three or four times in the back of the head.

As a result of the blow to the eye, Johnson sustained a one-half inch laceration on the eyeball, causing permanent loss of sight in his right eye. The medical evidence was that Johnson's injury was consistent with direct blunt trauma to the eye.

### ANALYSIS

On appeal, Clark argues that, at most, the evidence proves assault and battery and fails to prove that he acted maliciously with the intent to maim, disable, or disfigure Johnson. Clark asserts that the uncontroverted evidence is that he struck Johnson in the face only once and that no evidence proves he struck the one blow with such violence or brutality to establish he harbored the intent to maim or kill Johnson. Malice, he argues, can not be inferred from a single blow with a bare fist.

"On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom." Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citation omitted). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or

without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

To sustain a conviction for malicious wounding under Code § 18.2-51, the Commonwealth must prove that the defendant inflicted the victim's injuries "maliciously and with the intent to maim, disfigure, disable or kill." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc). "'"Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury."'" Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993) (citations omitted). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992) (citation omitted). Whether malice existed is a question for the fact finder. Id.

"Intent in fact is the purpose formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements. And a person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977) (citations omitted).

"'Under ordinary circumstances, an intent to maim may not be presumed from a blow with a bare fist.  But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed.'" Williams v. Commonwealth, 13 Va. App. 393, 397, 412 S.E.2d 202, 205 (1991) (citation omitted).

Here, Clark's threatening words that he intended "to fuck [Johnson] up" and Clark's invitation for Johnson "to go outside," Clark's return to join the fight between Berry and Johnson, the force of Clark's initial blow and the severity of Johnson's injury, and the fact that Clark continued to beat Johnson when he was on the floor and had to be pulled away, were sufficient evidence for the fact finder to conclude that Clark acted with a malicious intent to maim, disfigure, or disable Johnson.

Accordingly, we find the evidence sufficient to support the conviction.

Affirmed.