HUMPHREYS, J.,
concurring, in part, and dissenting, in part.
I concur with the majority’s holding and analysis with respect to all issues presented with the exception of its holding that the evidence was sufficient to prove an intent to permanently maim, disfigure, disable or kill, as required by Code § 18.2-51. I respectfully dissent from that portion of the majority opinion because I believe the evidence was insufficient to prove such intent.
*109 Code § 18.2-51 provides: “[i]f any person maliciously shoot, stab, cut or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony.” (Emphasis added). The Supreme Court of Virginia has held that, under ordinary circumstances, the requisite intent cannot simply be presumed from a blow with a bare fist. See Lee v. Commonwealth, 135 Va. 572, 115 S.E. 671 (1923); see also Fletcher v. Commonwealth, 209 Va. 636, 166 S.E.2d 269 (1969). However, as the majority correctly notes, when an assailant employs a sufficient degree of brutality while attacking with his bare fists, the trier of fact may infer the intent to maim, disfigure, disable or kill. See Dawkins v. Commonwealth, 186 Va. 55, 63, 41 S.E.2d 500, 504 (1947). In light of both of these precedents, the question becomes whether the record contains sufficient evidence to prove the defendant employed “a sufficient degree of brutality” to support an inference of an intent to maim, disfigure, disable or kill. Id. I would hold that this record, even when viewed in the light most favorable to the Commonwealth, cannot support such an inference.
The majority finds that from the extent of the injury to the victim, a rational fact finder could discern intent to permanently injure. Essentially, the majority argues backward from the result, holding that the fact that the -victim was disfigured as a result of the blow supports a finding that Johnson acted with the requisite intent. The majority relies for this conclusion on the common law concept that the fact finder may infer that a person intends the natural and probable consequences of his acts. Campbell v. Commonwealth, 12 Va.App. 476, 483-84, 405 S.E.2d 1, 4 (1991) (en banc). I do not accept the majority’s contention that permanent harm or disfigurement is a “natural and probable consequence” of a single blow with a bare fist, when unaccompanied by other circumstances of unusual violence or brutality.
Although obviously not binding on us, the British House of Lords has provided valuable perspective regarding the phrase “natural and probable consequences,” as used in this venera *110 ble principle of the common law. In Regina v. Woollin, 4 All ER 103 (1998), the Law Lords overruled precedent from the Court of Appeal of England and Wales, which equated the phrase “natural and probable consequences” to “highly probable.” Lord Steyn found that the standard used by the Court of Appeal was not sufficiently analogous to the common law requirement and held that in order for a consequence to be “natural and probable,” it must be the “inevitable” result of an action rather than merely “highly probable.”
In its most recent pronouncement on the subject, albeit in a civil tort context, our Supreme Court has held that “the injury should have been foreseen in the light of the attending circumstances.” Interim Personnel v. Messer, 263 Va. 435, 442, 559 S.E.2d 704, 708 (2002) (emphasis added). The degree to which this standard equates to that of our common law cousins is an intellectual discussion that can be left for another day and a higher court. However, the comparison is instructive in illustrating that the historical construction of the phrase does not support a finding that a specific intent can be discerned from a merely theoretically possible outcome, which seems to me to be the essence of the majority’s holding in this case.
Under Virginia law, maiming, disfigurement, disablement or death are not the inevitable, probable, or reasonably foreseeable consequences of a blow with a bare fist. Thus, an assailant’s intent to render such harm with his fist must be discerned from either his statements or unusual “circumstances of violence and brutality.” Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944). Because Johnson’s blow was not accompanied by such statements or circumstances, I do not believe that the evidence supports an inference of intent to maim, disfigure, disable or kill.
The cases cited by the majority in support of its position are easily distinguished from the case at bar. In Shackelford v. Commonwealth, 183 Va. 423, 425, 32 S.E.2d 682, 683 (1945), the defendant stated, “this time I will finish you” before repeatedly striking the victim in the nose, head, and ear. In affirming his conviction, the Supreme Court of Virginia found *111 that the defendant acted with the intent to permanently injure as evidenced by his statements both before and after the attack. Id. at 427, 32 S.E.2d at 684. The Court emphasized that the defendant “struck at least three severe blows on her face and head with the expressed intention to ‘finish’ her.” Id. (emphasis added).
Like Shackelford, the assault at issue in Williams v. Commonwealth, 13 Va.App. 393, 395, 412 S.E.2d 202, 203 (1991), was accompanied by circumstances supporting an inference of the requisite intent. In Williams, the defendant broke into the house of a former girlfriend where he found a man dressing for work. Id. The defendant proceeded to attack the man, striking him repeatedly until the police arrived. Id. Two days before the incident, the defendant wrote his former girlfriend a note stating, “your ass ... can ran but you can’t hide.” Id. This Court affirmed the conviction based upon the unusual level of violence and brutality finding “[t]he record supports the trial court’s determination that the attack on [the victim] was made by [the defendant] with the intent to maim, disfigure, disable or kill.” Id. at 398, 412 S.E.2d at 205.
The circumstances surrounding Johnson’s assault are decidedly different from those in Shackelford and Williams. In this case, even viewing the evidence in the light most favorable to the Commonwealth, the record is devoid of either direct evidence of specific intent as existed in Shackelford or circumstantial evidence of unusual violence or brutality to support an inference that Johnson acted with the specific intent as was the case in Williams. In contrast to those cases, Johnson’s attack involved but a single blow with the fist, without any accompanying statements expressing an intention to maim, disfigure, disable or kill. The majority gives great weight to the fact that “Johnson expressed pride in his actions and vowed to do the same thing again if given the opportunity. Johnson stated he ‘got him good’ and that [the victim] ‘got what he deserved.’ ” ° While these statements illustrate Johnson’s lack of remorse for his actions, they are insufficient to prove he acted with the specific intent to maim, disfigure, *112 disable or Mil at the time of the assault, as required by Code § 18.2-51.
A single blow with the fist may reasonably result in a range of possible injuries, running the gamut from a temporary bruise or contusion through a laceration resulting in a permanent scar, as is the case here, to the other end of the spectrum where such a blow may result in severe, permanent neurological damage. Common sense would seem to suggest that the severity of injuries resulting from a single blow with a closed fist are a function of a number of variables including the strength of the assailant, the amount of force used, the victim’s physical condition, and whether the damage has been compounded by the victim striMng furniture or other objects as he fell. This record is bereft of any evidence that the nature of the injuries sustained were anything more than merely a possible result of Johnson’s single blow with his fist. Thus, an inference that the result was intended is insufficient here as a matter of law to sustain a conviction for malicious wounding.
In conclusion, without some evidence that Johnson intended to cause the injuries that resulted in the form of contemporaneous statements, use of a weapon, or other evidence of unusual violence or brutality, one cannot reason backward from the result, as the majority has done, and find the requisite intent solely from the resulting injury and a remorseless comment. What the majority has done today is extend its holding beyond established precedent, a point they themselves recognize: “Although we have not previously held in a reported opinion that a single blow with a bare fist may constitute sufficient evidence to prove an intent to permanently injure, we hold that under the circumstances of this case the jury could make such a determination.” In so doing, the majority has lowered the bar of a previously significant permissible inference to the point that in the future, it will require little, if any, effort to step over it.
For these reasons, I believe the trial court erred in finding the evidence, on the issue of intent, sufficient to convict *113 Johnson of malicious wounding under Code § 18.2-51. At most, I believe the evidence supports a conviction of the lesser-included offense of assault and battery, and I would reverse and remand this case to the trial court for the entry of a judgment and sentence for that offense. See Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006).