ELDER, J.,
dissenting.
The majority holds that driving at approximately 42 to 72 miles per hour above the speed limit, in a populated area with numerous cars around is sufficient to support a finding that appellant acted maliciously when he caused the traffic accident that injured four people. The majority further holds that the “ ‘outward manifestation’ ” of appellant’s actions was the intentional and volitional driving of a car at extremely high speeds,” *165 which caused the intentional damage to three other vehicles. I believe that appellant’s conduct—although appallingly egregious and reckless—constitutes mere negligence and that the evidence does not support a finding of implied malice or the specific intent to cause the destruction of property. I would therefore reverse appellant’s convictions for malicious wounding and intentional destruction of property, and I respectfully dissent.

Malicious Wounding

Code § 18.2-51 provides that
If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall ... be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.
The critical distinction in this case is whether appellant acted maliciously, rather than unlawfully, when he caused the traffic accident. Malice is “the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury.” Robertson v. Commonwealth, 31 Va.App. 814, 823, 525 S.E.2d 640, 645 (2000). Malice is not “confined to ill will, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief.” Williams v. Commonwealth, 13 Va.App. 393, 398, 412 S.E.2d 202, 205 (1991).
Malice may be express or implied by conduct. Coleman v. Commonwealth, 184 Va. 197, 201, 35 S.E.2d 96, 97 (1945). “ ‘Implied malice exists when any purposeful, cruel act is committed by one individual against another without any, or without great provocation.’ ” Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984) (quoting Pugh v. Commonwealth, 223 Va. 663, 668, 292 S.E.2d 339, 341 (1982)). The *166 wrongful act must be done “willfully or purposefully.” Williamson v. Commonwealth, 180 Va. 277, 280, 28 S.E.2d 240, 241 (1942).
Although the majority accurately describes the events that gave rise to the traffic accident, I do not agree this evidence supports a finding that appellant’s conduct was so vicious or extremely indifferent as to rise to the level of malice. The Supreme Court in Essex explained that in order to sustain a conviction for second-degree murder,
the victim must be shown to have died as a result of the defendant’s conduct, and the defendant’s conduct must be shown to be malicious. In the absence of express malice, this element may only be implied from conduct likely to cause death or great bodily harm, willfully or purposefully undertaken. Thus, for example, one who deliberately drives a car into a crowd of people at a high speed, not intending to kill or injure any particular person, but rather seeking the perverse thrill of terrifying them and causing them to scatter, might be convicted of second-degree murder if death results. One who accomplishes the same result inadvertently, because of grossly negligent driving, causing him to lose control of his car, could be convicted only of involuntary manslaughter. In the first case the act was volitional; in the second it was inadvertent, however reckless and irresponsible.
Essex, 228 Va. at 281, 322 S.E.2d at 220. The majority believes appellant’s conduct falls under the former scenario; I believe it falls under the latter.
Here, the evidence showed that appellant, while traveling in excess of 100 miles per hour, drove in a left turn lane, in an area with a posted speed of 35 miles per hour, and where other vehicles were turning into and out of traffic. It is clear that appellant is guilty of “an appalling degree of reckless driving.” Id. at 284, 273 S.E.2d at 222. However, the fact-finder “could only speculate, upon this evidence, whether the defendant embarked upon his ill-fated course of conduct willfully and with a malicious purpose. No facts were proved *167 from which such a purpose can be inferred.” Id. Appellant embarked on the trip for the stated purpose of driving Stanley Colvin to the local Department of Motor Vehicles. Further, the fact that he applied the brakes indicates that he did not intend to strike Benbow’s Jeep, whether out of self-preservation or concern for the safety of others. Although the skid marks did not indicate an attempt to avoid Benbow’s Jeep, this is not dispositive of appellant’s guilt because it is just as reasonable to believe that he had very little time to react given the extremely reckless speed at which he was driving. And, although appellant appeared to be laughing as he was driving at a high rate of speed, the evidence is insufficient to supply the context for appellant’s behavior without resorting to speculation and surmise. Compare Haywood v. Commonwealth, 20 Va.App. 562, 567, 458 S.E.2d 606, 608-09 (1995) (noting that “while the evidence may support an hypothesis that Haywood acted with malice and intended to run over or through anyone or anything that got in his way,” the evidence did not exclude the reasonable hypothesis of innocence that he “merely attempted to run a roadblock to avoid apprehension”), with Holley v. Commonwealth, 44 Va.App. 228, 235, 604 S.E.2d 127, 130-31 (2004) (holding that the act of accelerating towards a police officer established sufficient evidence to support the inference that the defendant sought to escape apprehension and intended to injure the police officer while doing so).
The Supreme Court made clear that “if the [injury] results from negligence, however gross or culpable, and the [injury] is contrary to the defendant’s intention, malice cannot be implied.” Essex, 228 Va. at 280, 322 S.E.2d at 220. Appellant deliberately chose to drive a car at a high rate of speed, but such evidence does not indicate an intent to viciously cause the traffic accident that led to the injuries of four people. Because I believe the evidence does not support a finding of the requisite element of malice, I would reverse and remand the matter to the trial court so that the Commonwealth may pursue charges on the lesser-included offense of unlawful wounding, if it be so advised.

*168
Intentional Destruction of Property

Code § 18.2-137(B) provides that a person who “intentionally causes” the destruction or damage of property is guilty of “a Class 6 felony if the value of or damage to the property ... is $1,000 or more.” (Emphasis added). “Code § 18.2-137(B) attaches criminal liability when a person performs a volitional act that damages the property of another and the person specifically intends to cause damage to the property by that act.” Scott v. Commonwealth, 58 Va.App. 35, 49, 707 S.E.2d 17, 25 (2011). By contrast, “any person [who] unlawfully destroys, defaces, damages or removes without the intent to steal any property, real or personal, not his own” is guilty of a Class 3 misdemeanor. Code § 18.2-137(A) (emphasis added). The use of the term “unlawfully” “connotéis] a less culpable mental state than the word ‘intentionally.’ ” Scott, 58 Va.App. at 51, 707 S.E.2d at 25. An unlawful act simply requires “the performance of a lawful act in a criminally negligent manner.” Crowder v. Commonwealth, 16 Va.App. 382, 385, 429 S.E.2d 893, 894, aff'd on reh’gen banc, 17 Va.App. 202, 436 S.E.2d 192 (1993). Thus, “Code § 18.2-137(B) does not cover criminally negligent conduct—instead, such conduct falls under Code § 18.2-137(A).” Scott, 58 Va.App. at 53, 707 S.E.2d at 26.
Similar to the discussion above, I believe the evidence falls just short of supporting a finding of specific intent to cause the destruction of property under Code § 18.2-137(B). Although Scott left open the “question of whether an unintended consequence can be so probable and foreseeable as to be deemed intentional under the statute,” 58 Va.App. at 54 n. 10, 707 S.E.2d at 27 n. 10, this is not the case here. Driving in an appallingly reckless manner in and of itself is not sufficient evidence that appellant intended to hit anyone. The fact that he applied his brakes with such force—resulting in a thirty-mile-per-hour decrease in speed—supports the reasonable hypothesis of innocence that he lacked such intent. Because ornease law makes very clear that crimes involving malice require the specific intent to cause the effect, anything that involves negligence, no matter how severe, is insufficient as a matter of law. For these reasons, I would reverse appellant’s convic *169 tions for intentional destruction of property and remand the matter to the trial court so that the Commonwealth may pursue charges on the lesser-included offense of unlawful destruction of property, if it be so advised.