## Richmond

FRANCIS LEWIS FLETCHER v. COMMONWEALTH OF VIRGINIA.

March 10, 1969.

Record Nos. 6908 and 6909.

Present, All the Justices.

*Anthony S. Gallucio (Shaffer, Van Meter & Gallucio*, on brief), for plaintiff in error in Record Nos. 6908 and 6909.

*Charles Shepherd Cox, Jr., Assistant Attorney General (Robert Y. Button, Attorney General; A. R. Woodroof, Assistant Attorney General,* on brief), for defendant in error in Record Nos. 6908 and 6909.

I'ANSON, J., delivered the opinion of the court.

A grand jury returned two indictments against the defendant, Francis Lewis Fletcher, charging him with violating § 18.1-65, Code of 1950,[1] as amended, 1960 Repl. Vol., commonly referred to as the maiming statute. One indictment, hereinafter referred to as the Thompson indictment, (record No. 6908) charged Fletcher with making a felonious assault on one Evan Wayne Thompson by "striking and beating" Thompson and feloniously, maliciously and unlawfully causing him bodily injury, with the intent to maim, disfigure, disable and kill; and the other indictment, hereinafter referred to as the Baron indictment, (record No. 6909) charged Fletcher with feloniously making an assault on one George William Baron by "striking, beating and kicking" him and feloniously, maliciously and unlawfully causing him bodily injury, with intent to maim, etc.

The cases were tried together by a jury and Fletcher was convicted of the charges, and he was sentenced by the court to ten years' confinement in the penitentiary on each charge in accordance with the verdicts of the jury. The sentence imposed under the Baron indictment was ordered to run concurrently with the like sentence imposed under the Thompson indictment. We granted defendant writs of error to these judgments.

Defendant contends (1) that the indictments were fatally defective because they did not specify the means used to cause the bodily injury; (2) that the court erred in granting instruction 9, and in not distinguishing therein the difference between "malicious" and "unlawful" bodily injury; (3) that it was error to refuse instruction F, which was applicable under the Thompson indictment; (4) that the Commonwealth's attorney's argument to the jury was improper and prejudicial; and (5) that the convictions of malicious assault with intent to maim, etc., were not supported by the evidence.

The evidence shows that on the night of October 15, 1966, Ann

---

1. § 18.1-65. "If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be confined * * *. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall * * *."

Dobbs gave a birthday party at her parents' home in Arlington county, Virginia, for Thompson, a marine stationed at Quantico, Virginia. Thompson, in company with three of his marine friends, William Baron, John Osteen and Carroll Lawson, arrived at the party between 8:30 and 9:00 p.m.

Defendant and his three companions, Darryl Brown, Larry Holli-field and Billy Rice, arrived at the Dobbs home around 10 p.m. They had not been invited to the party, and they left when Miss Dobbs refused them admittance. Defendant and his companions then went to his home and got a sawed-off shotgun.

At approximately 11:30 p.m. Thompson and Osteen left the party and got in their automobile, which was parked in front of the Dobbs home. Thompson got on the back seat and went to sleep, and Osteen got in the front seat. Shortly thereafter the defendant approached Osteen while he was in the car and proceeded to beat him. Thompson did not wake up until that assault was over, and the first thing he remembered was being hit in the face by the defendant. As a result of the assault on Thompson, blood ran out of his eyes, nose and mouth. He sustained cuts on his forehead, over the side of his mouth, and on his cheek. There were bruises below the lower lid of his right eye and a moderate superficial hemorrhage in the eye, and a definite depression of the left eye. He had double vision in "all fields of gaze." He also suffered what his doctor described as a "blow-out fracture of the orbital floor with incarceration of muscle and the orbital tissue in the fracture." The doctor testified that a blow or blows with a fist could have caused the injuries suffered by Thompson.

Baron left the Dobbs home shortly after Thompson and Osteen, and was proceeding to the Thompson car when Darryl Brown, one of defendant's companions, accosted him with a sawed-off shotgun. While Brown was pointing the gun at Baron, the defendant struck Baron on the side of his head, knocking him to the ground. After knocking Baron to the ground three or four times, and while he was on the ground, defendant kicked him with his shod foot "as hard as he could" four or five times in his side and on his shoulder and head. Seven stitches were required to close the cuts over Baron's eye and five stitches on the back of his head.

During the assault on Baron the defendant was heard to say, "If you want to pick on somebody, pick on me. I am a man." When

Baron remarked that he was going to Viet Nam, the defendant rejoined, "You are a * * *, you are going in a pine box."

■ Defendant contends that both indictments were fatally defective because they did not allege that the bodily injuries were caused by means of blows with the fist, to conform with the evidence adduced. He relies on *Johnson* v. *Commonwealth*, 184 Va. 409, 35 S. E. 2d 594 (1945).

In *Johnson, supra,* it was said (although three members of the court indicated disagreement in a concurring opinion) that when an indictment under the maiming statute charges bodily injury caused otherwise than by shooting, stabbing, cutting and wounding, with intent, etc., it should specify the means by which the injury was caused. See also, *Dawkins* v. *Commonwealth*, 186 Va. 55, 64, 41 S. E. 2d 500, 505 (1947); *Bryant* v. *Commonwealth*, 189 Va. 310, 317, 53 S. E. 2d 54, 57 (1949).

In the instant cases the Thompson indictment alleged that the bodily injuries were caused by "striking and beating," and the Baron indictment alleged "striking, beating and kicking." Here the words "striking and beating" indicate that the bodily injuries were caused by means of blows with the fist, and the additional word "kicking" appearing in the Baron indictment means that the bodily injuries were also caused by striking with the foot or feet. If the defendant desired elucidation of the facts relied upon by the Commonwealth he could have asked for a bill of particulars, which he did not do.

■ Moreover, no objection was made to the form of the indictments until after the jury had returned their verdicts. Code § 19.1-165, 1960 Repl. Vol., the statute of jeofails, provides:

"Judgment in any criminal case shall not be * * * reversed upon any * * * objection made after verdict to the indictment * * *, unless it be so defective as to be in violation of the Constitution."

We hold that the indictments were not fatally defective and that no constitutional provision was violated.

■ Defendant says that "malice in fact [actual malice] is the concept of malice embodied in [Code] § 18.1-65," and that the court erred in granting instruction 9, which defined legal malice, expressed or implied. He also says that the instruction was erroneous because it failed to distinguish "malicious bodily injury" from "unlawful bodily injury." There is no merit in either contention.

In *Dawkins, supra*, a prosecution under Code § 18.1-65, we said that malice inheres in the intentional doing of a wrongful act without legal justification or excuse, or as the result of ill will. Malice and the specific intent to maim, etc., may be evidenced by words or inferred from acts and conduct under the rule that a person is presumed to have intended the natural and probable consequences of his voluntary act. 186 Va. at 61, 62, 41 S. E. 2d at 503.

The instruction complained of told the jury that malice was not confined to ill will toward any one or more particular persons, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief; and that malice is implied by law from any willful, deliberate and cruel act against another, however sudden. The instruction has been approved by us in many cases. See, *Martin* v. *Commonwealth*, 184 Va. 1009, 1015, 37 S. E. 2d 43, 46 (1946); *Clinton* v. *Commonwealth*, 161 Va. 1084, 1088, 172 S. E. 272, 273 (1934).

Defendant did not object to the granting of the instruction on the ground that it did not distinguish between "malicious bodily injury" and "unlawful bodily injury," and we will not consider the contention in this court. Rule 1:8, Rules of Court. Moreover, another instruction told the jury that if they believed that the act was not done maliciously, but unlawfully, with intent to maim, etc., they may find the defendant guilty of unlawfully causing bodily injury with intent, etc.

Defendant next contends that the court erred in refusing to grant instruction F, in the Thompson case, which would have told the jury that "an intent to permanently maim, disable, disfigure or kill cannot be presumed by a blow from a fist."

Under ordinary circumstances an intent to maim may not be presumed from a blow with a bare fist. *Lee* v. *Commonwealth*, 135 Va. 572, 578, 115 S. E. 671, 673 (1923). But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed. *Dawkins, supra*, 185 Va. at 63, 64, 41 S. E. 2d at 504; *Shackelford* v. *Commonwealth*, 183 Va. 423, 426, 32 S. E. 2d 682, 684 (1945); *Roark* v. *Commonwealth*, 182 Va. 244, 250, 28 S. E. 2d 693, 695 (1944).

Here the evidence shows that the assault with the bare fist was attended with such circumstances of violence and brutality that an

intent to maim, disfigure or kill may be presumed. Instructions are based on evidence. The evidence did not justify giving the instruction in the form offered, and it would have been misleading to the jury. Thus it was properly refused.

Defendant says that several statements made by the attorney for the Commonwealth in the course of his argument to the jury were improper and prejudicial.

No useful purpose would be served to set out the argument complained of because objection was made to only one statement, occurring at the beginning of the argument, and when the objection was overruled the point was not saved. No exception was taken to the ruling of the court, there was no request that the jury be told to disregard the argument, and a motion for a mistrial was not made. See, *Russo v. Commonwealth*, 207 Va. 251, 256-258, 148 S. E. 2d 820, 824, 825 (1966), and the cases there cited.

Lastly, defendant says that the evidence was insufficient to support the convictions. We do not agree.

There was ample evidence to support the convictions under each indictment. The brutal assaults on Baron and Thompson, and the statement made by the defendant during the attack on Baron, indicate that the assaults were done maliciously with intent to maim, disfigure, disable or kill.

For the reasons stated, the judgments of conviction are

*Affirmed.*