COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


CRAIG AARON HOOPER

MEMORANDUM OPINION[*] BY
v.       Record No. 2100-96-1      JUDGE NELSON T. OVERTON
                                   SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
John K. Moore, Judge


Theresa B. Berry (Samford & Berry, on brief),
for appellant.

Daniel J. Munroe, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Craig Aaron Hooper (defendant) was convicted by a jury for violation of Code § 19.2-128.[1]  He contends that he could not have willfully failed to appear if he was involuntarily incarcerated in another jurisdiction at the time of trial.  For the reasons that follow, we affirm the decision of the trial court.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, we recite only those facts necessary to the

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Code § 19.2-128(B) provides in pertinent part that "[a]ny person charged with a felony offense who willfully fails to appear before any court as required shall be guilty of a Class 6 felony."

disposition of this appeal.

"When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (en banc). With this in mind "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence showed that defendant's trial was set for May 9, 1995 on ten felony charges. The order setting this date was entered March 14, 1995 and was signed by defendant's counsel. "Notice to [defendant's] attorney of record of the trial date is evidence that the notice was given to [defendant]." Hunter, 15 Va. App. at 722, 427 S.E.2d at 201. See also Va. Code Ann. § 8.01-314 (Michie 1992) (stating that notice to counsel of record by entry of an order "shall have the same effect as if service had been made upon such party personally"). In spite of this notice, defendant escaped from the Nelson County jail on April 15, 1995. He was captured on April 19, 1995 in Penobscot County, Maine but was not returned to Virginia Beach until October 24, 1995, well after his trial date.

Defendant contends that because he was incarcerated in Maine at the time of trial he did not have the intent to "willfully"

2

fail to appear.  Intent is the "'purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case.'"  David v. Commonwealth, 2 Va. App. 1, 3, 340 S.E.2d 576, 577 (1986) (quoting Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)).

The facts and circumstances of this case show that the defendant escaped from jail, fled to Maine, was captured and held in jail, and did not inform his counsel or the Commonwealth of his whereabouts.  Neither the Commonwealth nor defendant's counsel had any idea of his location until he was returned by Maine.  Upon this evidence the jury was entitled to infer that his intent was not to appear for trial.  Indeed, there was no evidence that he did intend to be present for trial, and we cannot say, as a matter of law, that the jury's finding of intent was improper, so we affirm.

Affirmed.