COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


NEVILLE CLIVE SHIMHUE
                                    MEMORANDUM OPINION* BY
v.        Record No. 1736-97-2     JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

           William H. Purcell, III (Steven K. Webb;
           Phillips, Webb, & Wallerstein, P.C., on
           brief), for appellant.

           Jeffrey S. Shapiro, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     On appeal from his bench trial conviction for malicious

wounding, Neville Clive Shimhue contends that the evidence is

insufficient to prove:  (1) that he possessed the requisite

intent to maim, disfigure, disable or kill; and (2) that he acted

with malice.  We affirm the judgment of the trial court.

                               I.
           On appeal, we review the evidence in the
           light most favorable to the Commonwealth,
           granting to it all reasonable inferences
           fairly deducible therefrom.  The judgment of
           a trial court sitting without a jury . . .
           will not be set aside unless it appears from
           the evidence that the judgment is plainly
           wrong or without evidence to support it.


Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1987) (citations omitted).

On November 15, 1996, Richmond police officers responded to a call that a man had been shot in an apartment building. Leslie Turner had telephoned the police after awaking in his bed around 3:00 a.m and finding that he had been shot in his right leg. His injuries resulted in the amputation of his leg. Two holes were seen in the ceiling of Turner's apartment, which lay directly beneath Shimhue's.

Upon their arrival, the officers encountered Shimhue coming out of the building, carrying broken pieces of glass. Shimhue told the officers, "it's in here," and led them into his upstairs apartment. The officers observed an "automatic, assault-type firearm" on Shimhue's bed. Two shell casings were recovered from the bedroom and two holes were seen in the floor. Shimhue told them that he had engaged in intercourse with a woman identified only as "Carmen," that when he requested that she leave before his girlfriend arrived, an argument ensued, and that he fired the weapon to scare her out of his apartment.[1]

## II.

We first consider whether the evidence sufficiently proved

[1]At the time of his initial statement, Shimhue was unaware that he had injured Turner. Thereafter, Shimhue told the officers two different versions of the events surrounding the shooting. He stated (1) that the gun fell over and went off, and (2) that the gun had discharged accidentally during a struggle with Carmen. The trial court found his first statement to be the most credible, noting that it was the only version that accounted for two shots being fired, and that it was given before Shimhue realized Turner had been injured.

that Shimhue possessed the requisite intent to sustain his

conviction for malicious wounding, the specific intent to maim, disfigure, disable or kill.  Code § 18.2-51. Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an accused may be shown by his acts and conduct.  The fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.

Rivers v. Commonwealth, 21 Va. App. 416, 421, 464 S.E.2d 549, 551 (1995) (citations and quotation marks omitted).

Generally, whether the evidence is sufficient to support a conviction for malicious or unlawful wounding is a question for the trier of fact.  See Hughes v. Commonwealth, 18 Va. App. 510, 519, 446 S.E.2d 451, 457 (1994) (en banc); Haywood v. Commonwealth, 20 Va. App. 562, 565-66, 458 S.E.2d 606, 608 (1995).  The trial court found that:  "Shimhue voluntarily fired the gun for the purpose of encouraging Carmen to leave the apartment.  Obviously, one immediate result of firing a weapon is that a person could be shot; therefore, the intentional wounding of Mr. Turner is inferred from the defendant's act."

Shimhue contends that the trial court improperly characterized the intent with which he injured Turner.  He acknowledges that under the doctrine of transferred intent, "if an accused shoots at another intending to kill him, and a third person is killed because of the act, that same intent follows the

- 4 -

bullet and is transferred to the killing of the third party, even if such death was accidental or unintentional." Riddick v. Commonwealth, 226 Va. 244, 248, 308 S.E.2d 117, 119 (1983) (citations omitted). See Long v. Commonwealth, 8 Va. App. 194, 379 S.E.2d 473 (1989). However, Shimhue argues that he discharged the automatic weapon into the floor of his upstairs apartment only to impress upon Carmen his desire that she leave, and that the wounding of Turner was, therefore, the result of his intent to frighten Carmen, and not the result of an intent to maim, disfigure, disable or kill her.

This case does not turn on the doctrine of transferred intent. In David v. Commonwealth, 2 Va. App. 1, 340 S.E.2d 576 (1986), the defendant confronted four individuals. Id. at 2, 340 S.E.2d at 577. He fired a single shot from a handgun into the cement walk two feet from where they were standing. Id. The bullet ricocheted off the sidewalk into the foot of one of the individuals. Id.

The issue in David, as here, was whether the evidence proved the specific intent to maim, disfigure, disable or kill. In finding sufficient proof of "intent," we noted that:

> The Supreme Court of Virginia has declared that "one who deliberately drives a car into a crowd of people at a high speed, not intending to kill or injure any particular person, but rather seeking the perverse thrill of terrifying them and causing them to scatter, might be convicted of second-degree murder if death results." Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984). There is little distinction between wilfully or purposefully driving an

> automobile into a crowd for thrills, and
> wilfully or purposefully firing a bullet in
> furtherance of one's acts of intimidation
> onto a cement drive two feet from where four
> persons are standing. In both cases, it may
> be inferred from the acts wilfully and
> purposefully done that the actor intended to
> cause death or great bodily harm.

Id. at 3-4, 340 S.E.2d at 577.

We find the evidence sufficient to support the trial court's finding that Shimhue possessed the specific intent required to convict him of malicious wounding. After the eruption of an argument between himself and Carmen, Shimhue intentionally twice fired a powerful weapon into the floor of his upstairs apartment at three o'clock in the morning. He must have known that the repeated discharge of the weapon into the floor of his upstairs apartment at a time when the building's occupants should be home could result in severe bodily harm or death. Such conduct was inherently dangerous and imposed grave risk to anyone in the vicinity. Cf. Code § 18.2-279 (penalizing the discharge of a firearm within a dwelling house). The fact finder was entitled to infer from this that Shimhue intended the direct and probable consequences of his act.

### III.

Shimhue next contends that his conduct warrants conviction only for unlawful wounding, a lesser-included offense of malicious wounding. He argues that the evidence does not support the finding that he shot Turner with malice. See Code § 18.2-51. We disagree.

Malice, express or implied, "'means any wrongful act done wilfully and purposefully.'" Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993) (citation omitted).

> "It is not confined to ill-will towards one or more individual persons, but is intended to denote an action flowing from any wicked and corrupt motive, a thing done malo animo, where the fact has been attended with such circumstances as carry in them the plain indications of a heart regardless of social duty, and fatally bent on mischief."

Thomas v. Commonwealth, 186 Va. 131, 139, 41 S.E.2d 476, 480 (1947) (citation omitted).

Malice may be "inferred from acts and conduct which necessarily result in injury," Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947), and may be "implied by law from any willful, deliberate and cruel act against another, however sudden." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969). See Essex, 228 Va. at 280-81, 322 S.E.2d at 220. Whether the defendant acted with malice is a question for the fact finder. Doss v. Commonwealth, 23 Va. App. 679, 685, 479 S.E.2d 92, 95 (1996) (citation omitted). "In making the determination whether malice exists, the fact-finder must be guided by the quality of the defendant's conduct, its likelihood for causing death or great bodily harm, and whether it was volitional or inadvertent . . . ." Essex, 228 Va. at 282, 322 S.E.2d at 221.

We affirm the trial court's finding of malice. The wilful and deliberate act of firing a deadly weapon supports an

inference of malice.  See Doss, 23 Va. App. at 686, 479 S.E.2d at 96.  With full knowledge that Turner resided below his apartment, Shimhue deliberately fired two shots from a powerful weapon into the floor.  Considering the "nature and degree of provocation," Carmen's anger at being requested to leave after engaging in intercourse with Shimhue, in relation to the response evoked, the firing of the weapon, the trial court was entitled to reject the argument that Shimhue's actions resulted from emotion or heat of passion, rather than from malice.  See Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987).

Shimhue cites David v. Commonwealth, 2 Va. App. 1, 340 S.E.2d 576 (1986), and Strickland v. Commonwealth, 16 Va. App. 180, 428 S.E.2d 507 (1993), for the proposition that his conduct was not malicious.  In David, the defendant appealed from his conviction for unlawful wounding.  In Strickland, the defendant appealed from his conviction for unlawfully discharging a firearm within an occupied building, in violation of Code § 18.2-279.  In neither appeal was "malice" at issue or addressed.  Thus, his reliance upon those decisions is misplaced.

The judgment of the trial court is affirmed.

Affirmed.