COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


WILLIAM EDWARD JENKINS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0967-01-4            JUDGE LARRY G. ELDER
                                       NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    Dennis L. Hupp, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on briefs), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


    William Edward Jenkins (appellant) appeals from his jury

trial conviction for malicious wounding.[1]  On appeal, he contends

the evidence was insufficient to prove he intended to wound the

victim.  We hold the evidence was sufficient to prove intent,

and we affirm.

    When considering the sufficiency of the evidence on appeal

in a criminal case, we view the evidence in the light most

favorable to the Commonwealth, granting to the evidence all

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

    [1] Appellant also was convicted for two counts of assault and
battery arising out of the same events, but only the malicious
wounding conviction is before us in this appeal.

reasonable inferences fairly deducible therefrom.  Higginbotham
v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).
The conclusions of the fact finder on issues of witness
credibility may be disturbed on appeal only if this Court finds
that the witness' testimony was "inherently incredible, or so
contrary to human experience as to render it unworthy of
belief."  Fisher v. Commonwealth, 228 Va. 296, 299-300, 321
S.E.2d 202, 204 (1984).

Appellant was convicted for malicious wounding in violation
of Code § 18.2-51, which provides as follows:

> If any person maliciously shoot, stab,
> cut, or wound any person or by any means
> cause him bodily injury, with the intent to
> maim, disfigure, disable, or kill, he shall,
> except where it is otherwise provided, be
> guilty of a Class 3 felony.  If such act be
> done unlawfully but not maliciously, with
> the intent aforesaid, the offender shall be
> guilty of a Class 6 felony.

Appellant contends the evidence was insufficient to prove
he intended to wound the victim.  First, he argues, a wound is a
breaking of the skin, not just bruising, and must be inflicted
with an actual weapon, not the perpetrator's hands, feet, or
teeth.  Second, he contends, even though the evidence supports a
finding that he intended to kick the victim, no evidence proved
either that the kicking resulted in direct contact between
appellant's foot and the victim's head or that appellant
intended to cause the victim to come in contact with the glass
window.

-

Appellant is correct that establishing a wound within the meaning of Code § 18.2-51 requires proof of a breaking of the skin.  See, e.g., Johnson v. Commonwealth, 184 Va. 409, 412-13, 35 S.E.2d 594, 595 (1945) (affirming continuing validity of Harris v. Commonwealth, 150 Va. 580, 142 S.E. 354 (1928)).  Here, the evidence established the victim had two wounds, "[a] very large [semi-circular] flap evulsion laceration" to his right scalp and "a small puncture wound to the right side of his proximal forearm just below the elbow."

Citing Fletcher v. Commonwealth, 209 Va. 636, 166 S.E.2d 269 (1969), appellant concedes that proof of kicking, if severe enough, is sufficient to prove malicious bodily injury in violation of Code § 18.2-51.  Id. at 640-41, 166 S.E.2d at 273.  However, he argues that severe kicking is insufficient to prove malicious wounding under the same statute.  Because he was indicted for malicious wounding rather than malicious bodily injury, he contends, proof of kicking is insufficient to support his conviction.

We disagree.  Although Fletcher involved a charge of malicious bodily injury rather than malicious wounding, the portion of Fletcher upon which appellant relies focused on the evidence required to prove whether the defendant acted with intent to "maim, disable, disfigure or kill."  Id. at 640, 166 S.E.2d at 273.  The Court in Fletcher made no distinction in the method of proof based on whether the harm actually inflicted was

-

a "wound[ing]" or a "bodily injury." Id. Because Code
§ 18.2-51 requires proof of an intent to "maim, disfigure,
disable, or kill" for both offenses, this part of the Court's
holding in Fletcher applies equally to offenses of malicious
bodily injury and malicious wounding. See Shakelford v.
Commonwealth, 183 Va. 423, 426, 32 S.E.2d 682, 684 (1945)
(analyzing sufficiency of evidence to prove intent to "maim,
disable [or] kill" in reference to malicious wounding and
malicious bodily injury and applying the principle that "'an
assault with the bare fists may be attended with such
circumstances of violence and brutality that an intent to kill
will be presumed'" without distinguishing between the two
offenses (quoting McWhirt's Case, 44 Va. (3 Gratt.) 594, 611
(1846)), cited with approval in Fletcher, 209 Va. at 640, 166
S.E.2d at 273; see also Boone v. Commonwealth, 14 Va. App. 130,
133, 415 S.E.2d 250, 252 (1992) ("recogniz[ing]" applicability
of Fletcher principle to offense of malicious wounding).

Finally, we hold the evidence was sufficient to prove
appellant acted with the requisite intent to "maim, disfigure,
disable or kill," despite the absence of direct evidence that
appellant's kicking the victim resulted in contact between
appellant's foot and the victim's head or that appellant
intended to cause the victim to come in contact with the plate
glass window.

-

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

> When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation. The fact finder, however, is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified. Furthermore, the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts. Thus, when the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld.

Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998) (citations omitted); see Fletcher, 209 Va. at 640, 166 S.E.2d at 272 (in context of malicious wounding statute, noting principle that person is presumed to intend natural and probable consequences of his voluntary act).

In a prosecution for violating Code § 18.2-51, "[t]he nature and extent of the . . . injury and the means by which accomplished may reflect [an intent to maim, disfigure, disable or kill] but are not exclusive factors." Campbell v.

-

Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc). The requisite intent may be inferred from an assault with bare fists if the assault is "attended with [sufficient] circumstances of violence and brutality," Fletcher, 209 Va. at 640, 273 S.E.2d at 273, such as an assault to "vital and delicate parts of the body of a defenseless, unresisting person on the ground," Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695 (1944).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that the attack on the victim was unprovoked, occurred simply because appellant "like[d] to fight," and involved two aggressors against the lone victim. The evidence established that appellant intentionally punched the victim, which caused him to fall against the plate glass window. The victim then fell to the ground next to the window and was unable to get up because appellant and Kevin Good kept kicking him. Appellant was wearing boots during the attack. Appellant's and Good's repeated kicks pushed the victim up against the window, and a kick delivered by appellant's booted foot forced the victim's head back into the window, causing the large laceration to his scalp. When appellant saw that the victim was bleeding, he stopped the attack only briefly. Appellant kicked the victim several more times before fleeing. The only reasonable hypothesis flowing from the evidence is that appellant intentionally delivered the punches and kicks which

-

caused the victim to fall to the ground and which pushed his head into the plate glass window.  The fact that these blows pushed the victim into the window, inflicting a scalp laceration which required sutures, was "an immediate, direct, and necessary consequence[] of [appellant's] voluntary acts," id., and, thus, a consequence appellant could reasonably have anticipated, see David v. Commonwealth, 2 Va. App. 1, 5, 340 S.E.2d 576, 578 (1986).  Under these circumstances, the evidence was sufficient to prove appellant acted with the requisite intent.

For these reasons, we affirm appellant's conviction.

Affirmed.

-