COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


JAMES RUSSELL PARRISH

MEMORANDUM OPINION[*] BY
v.      Record No. 1688-02-3      JUDGE D. ARTHUR KELSEY
                                  OCTOBER 7, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Susan M. Johnson for appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


On appeal, James Russell Parrish contends that the trial court lacked sufficient evidence to find him guilty beyond a reasonable doubt of unlawful wounding under Code § 18.2-51. Finding that sufficient evidence supports his conviction, we affirm.

I.

When examining a challenge to the sufficiency of the evidence on appeal, "the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Craddock v. Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (citations omitted).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 5, 2001, Parrish, driving a Chevy Blazer, pulled out in front of Blaine Campbell Jr.'s Ford Explorer, causing him to take evasive action to avoid a collision. Campbell responded by giving Parrish the "middle finger." Parrish then followed Campbell closely for about six or seven miles until Campbell pulled into the parking lot of Campbell's Welding Shop in Augusta County. Parrish parked his Blazer behind Campbell's truck to prevent him from leaving the parking area. Parrish then got out of his vehicle, approached Campbell, "jerked his T-shirt off," and began yelling "What's Up" with his hands raised in the air. According to Campbell, Parrish's eyes appeared as if "they were bulging out of their sockets."

Campbell's father, Blaine Campbell, Sr., came out of the shop to find out what was going on. Campbell Sr. twice asked Parrish to turn down his radio, but Parrish refused. Campbell Sr. then turned away from Parrish to speak to someone in the shop. At that moment, Parrish "swung" at Campbell Sr. but missed. Parrish took a second swing and struck Campbell Sr. in the face, knocking him to the ground. Campbell Sr.'s head hit the pavement, causing a half-inch laceration on his scalp (requiring two staples to close the wound), scratches on both sides of his face, as well as bruising and swelling.

The grand jury indicted Parrish for malicious wounding. After a bench trial, the trial court found Parrish guilty of unlawful wounding under Code § 18.2-51 —— a lesser-included offense not requiring a showing of malice. The trial court found that Parrish, who was "probably 8 inches taller and 50-60 pounds heavier and 20 years younger" than Campbell Sr., should have understood that the natural consequence of "a blow of the fist" would be to "cause serious permanent injury" to Campbell Sr. Parrish now appeals to this Court, claiming that the evidence fails to prove his guilt beyond a reasonable doubt.

II.

When faced with a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*).

When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*). The same standard applies when a trial judge sits as the factfinder because the "judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict." Cairns v. Commonwealth, 40 Va. App. 271, 293, 579 S.E.2d 340, 351 (2003) (citation omitted); see also Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906-07 (2001).[1]

Put another way, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)); see also Hoambrecker v. Commonwealth, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992) (observing that the question on appeal is whether "a rational trier of fact

---

[1] Unless the factfinder acted unreasonably, we consider it our duty not to "substitute our judgment for that of the trier of fact," Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (citation omitted), "even were our opinion to differ," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citation omitted); see also Mohajer v. Commonwealth, 40 Va. App. 312, 321, 579 S.E.2d 359, 364 (2003) (*en banc*); Pease, 39 Va. App. at 355, 573 S.E.2d at 278.

could have found the essential elements" of the convicted offense).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).[2]

### III.

Governed by this standard of review, we next turn to the elements of the offense charged and assess the rationality of the factfinder's decision in this case.  Virginia's unlawful wounding statute requires the defendant to have a "specific intent to 'maim, disfigure, disable, or kill' the victim of the attack."  Commonwealth v. Vaughn, 263 Va. 31, 35, 557 S.E.2d 220, 222 (2002) (quoting Code § 18.2-51).

Often impossible to prove through direct evidence, intent "may be shown by circumstances."  Vaughn, 263 Va. at 36, 557 S.E.2d at 223.  While a blow from a bare fist may not ordinarily create a presumption of an "intent to maim," Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969), intent can nevertheless be found when the attack involves a sufficient degree of "violence and brutality," Boone v. Commonwealth, 14 Va. App. 130, 133, 415 S.E.2d 250, 252 (1992) (quoting Fletcher, 209 Va. at 640-41, 166 S.E.2d at 273).  Intent may also be inferred from the attacker's demeanor, the absence of provocation, and "the respective sizes of the appellant and the victim."  Williams v. Commonwealth, 13 Va. App. 393, 398, 412 S.E.2d 202, 205 (1991); see also Dawkins v. Commonwealth, 186 Va. 55, 62, 41 S.E.2d 500,

---

[2] This deference applies not only to the historical facts themselves, but the inferences from those facts as well.  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

504 (1947).  If enough such incriminating circumstances exist, "intent can be found in an attack with fists alone."  Roger D. Groot, Criminal Offenses & Defenses in Virginia 35 (4th ed. 1998).

Sufficient circumstances exist in this case to support the rationality of the trial court's finding that Parrish acted with the requisite intent.  Though Parrish knocked Campbell down with a single blow, he chose as his victim a much older, much shorter, and much lighter man.  And by delivering the blow in sucker-punch fashion, Parrish should have foreseen exactly what happened:  the older man fell to the ground and struck his head against the pavement.  The risk of disfigurement or even a disability from a head injury was foreseeable —— certainly enough so to fall within the maxim that a criminal actor may be presumed to intend "the natural and probable consequences of his acts."  Adams v. Commonwealth, 33 Va. App. 463, 471, 534 S.E.2d 347, 351 (2000) (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*)).

In addition, the blow itself must be viewed in the context of the tumult that preceded it.  Parrish's state of mind at the moment of the attack had developed over time.  It began when Parrish sought to intimidate Campbell Jr. by following him closely for six or seven miles.  It became more evident when Parrish blocked Campbell Jr.'s pickup truck so he could not escape.  And it culminated in an enraged condition as Parrish exited his vehicle and confronted both Campbell Jr. and his father.  These contextual circumstances —— coupled with the notable age, size, and weight disparities between Parrish and his victim —— demonstrate the rationality of the trial court's finding that Parrish acted with the requisite intent for unlawful wounding.

IV.

Sufficient evidence supports Parrish's conviction for unlawful wounding in violation of Code § 18.2-51.  We thus affirm.

Affirmed.