COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


DONALD L. THORNBURGH, II

MEMORANDUM OPINION* BY
v.       Record No. 2874-04-2          JUDGE ROBERT J. HUMPHREYS
MARCH 14, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SURRY COUNTY
Samuel E. Campbell, Judge

Robert H. Smallenberg for appellant.

Stephen R. McCullough, Assistant Attorney General (Judith
Williams Jagdmann, Attorney General, on brief), for appellee.


Donald L. Thornburgh, II (Thornburgh) appeals his conviction, following a bench trial,

for unlawful wounding, in violation of Code § 18.2-51.  On appeal, Thornburgh argues that the

evidence was insufficient to prove that he intended to "maim, disfigure, disable, or kill" his

victim, as required by the statute, and he also contends that the trial court erred in rejecting his

claim of self-defense.  We disagree with both contentions and, therefore, affirm Thornburgh's

conviction.

A.  The Evidence Was Sufficient to Convict Thornburgh of Unlawful Wounding

In a prosecution for violating Code § 18.2-51, "the nature and extent of the . . . injury and

the means by which accomplished may reflect [an intent to maim, disfigure, disable, or kill] but

are not exclusive factors."  Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4,

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

(1991) (en banc). The requisite intent may be inferred from an assault with bare fists if the assault is "attended with [sufficient] circumstances of violence and brutality." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969). Moreover, "[a] person's conduct may be measured by its natural and probable consequences, and the finder of fact may infer that a person intends the natural and probable consequences of his acts." Campbell, 12 Va. App. at 484, 405 S.E.2d at 4.

In this case, Thornburgh struck his wife so hard in the face that she saw "white lights." The blow to her face broke her nose in two places, and she eventually needed surgery to correct the damage. Moreover, the evidence shows that Thornburgh is six feet, two inches tall and weighs 215 pounds. His wife, on the other hand, is only five feet, six inches tall. Although Thornburgh's actions were not malicious, the trial judge found that the assault was "attended with [sufficient] circumstances of violence and brutality" to demonstrate Thornburgh's intent to maim, disfigure, disable, or kill. See Fletcher, 209 Va. at 640, 166 S.E.2d at 273. Specifically, the trial judge stated that, although the attack was not planned, it was "violent." From these facts, we cannot say that the trial court's finding is plainly wrong or without evidence to support it. Thus, we hold that the evidence was sufficient to find Thornburgh guilty of unlawful wounding.

B. The Trial Judge Did Not Err in Rejecting Thornburgh's Claim of Self-Defense

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (citing McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)). Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact that will not be disturbed on

appeal unless plainly wrong or without evidence to support it.  Yarborough v. Commonwealth, 217 Va. 971, 979, 234 S.E.2d 286, 292 (1977).

It is a well-established legal principle that "a person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault."  Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25-26 (1989).  Under Virginia law, if an individual who uses force to repel an assault is later charged with a crime arising out of injury to the original aggressor, that individual may employ either of two theories of self-defense.  If the defendant was at some fault in precipitating the confrontation with the victim, the defendant may employ the defense of *excusable* self-defense, so long as he or she abandoned the fight and retreated as far as he or she safely could.  See McCoy v. Commonwealth, 125 Va. 771, 776, 99 S.E. 644, 646 (1919).  That is, once the accused abandons the attack and retreats as far as he or she safely can, he or she may take reasonable and necessary steps to preserve his (or her) own life or save himself (or herself) from great bodily injury.  Connell v. Commonwealth, 34 Va. App. 429, 437, 542 S.E.2d 49, 53 (2001).  In contrast, if the "defendant is completely without fault" in precipitating the confrontation, then, under the theory of *justifiable* self-defense, "the defendant need not retreat, but is permitted to stand his ground and repel the attack by force, including deadly force, if it is necessary."  Foote v. Commonwealth, 11 Va. App. 61, 67, 396 S.E.2d 851, 855 (1990).  Under either theory, however, the "amount of force used must be reasonable in relation to the harm threatened."  Diffendal, 8 Va. App. at 421, 382 S.E.2d at 26.

In this case, it is not clear whether Thornburgh contends his actions were "justifiable" or "excusable."  However, under either theory of self-defense, Thornburgh's argument fails.  If Thornburgh were at fault in precipitating the confrontation, he was required, under the theory of excusable self-defense, to abandon the altercation and retreat as far as he safely could.  And, as

- 3 -

the trial court expressly found, Thornburgh "did not retreat," but instead, "he did attack."[1] Because that factual finding is not plainly wrong or without evidence to support it, the trial court did not err in rejecting the theory of excusable self-defense.

Even assuming that Thornburgh was without fault in instigating the altercation, the theory of justifiable self-defense would also fail. When viewed in the light most favorable to the Commonwealth, the record indicates that Thornburgh's wife threw concrete pieces and debris at Thornburgh and/or his truck. In response, Thornburgh punched his wife hard enough to break her nose in two places. From these facts, the trial court could reasonably have concluded that the amount of force Thornburgh used was not reasonable in relation to the harm threatened. Accordingly, the trial court did not plainly err in also rejecting the theory of justifiable self-defense. See McCoy, 125 Va. at 775, 99 S.E. at 644.

Because there was evidence to support the trial judge's factual finding that Thornburgh did not retreat, and because the trial court could reasonably have concluded that the amount of force Thornburgh used was not reasonable in relation to the harm threatened, we cannot say the trial court erred in rejecting Thornburgh's claim of self-defense. Accordingly, we affirm the judgment below.

### C. Conclusion

For the foregoing reasons, we affirm Thornburgh's conviction for unlawful wounding.

Affirmed.

---

[1] The trial judge found that "Thornburgh was upset because [his wife] whacked him, and just enough to say he loved her no more, and that upset her. She reacted to that. He did not retreat, and he did attack." Contrary to Thornburgh's assertion that the trial judge adopted his version of the events, the trial judge seems to have adopted portions of both Thornburgh's testimony and his wife's testimony. See Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986) (holding that a trial judge is not obligated to accept one party's testimony in its totality, and may in fact adopt portions of testimony from other witnesses).