UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

CHRISTOPHER BURKEEN

MEMORANDUM OPINION[*] BY
v.  Record No. 2566-11-1  JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 27, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Robert J. Poggenklass, Assistant Public Defender (Edward W.
Webb, Public Defender, on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Christopher Burkeen appeals his conviction of malicious wounding[1] maintaining the

evidence was insufficient. He argues striking the victim with a single blow of his bare fist failed to

prove he acted with the intent to maim, disfigure, disable or kill. We conclude the evidence did

prove the necessary intent and affirm the conviction.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence proved that on December 30, 2009, Donald Mayer encountered

the defendant outside a bar. The two talked until the defendant became angry that Mayer refused

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-51.

to sell his pool cue. As Mayer reached for the cue, which he had let the defendant hold, the defendant struck him in the face with a closed fist. The defendant cursed Mayer, threatened to "kick [his] ass," but did not strike Mayer again. The defendant used other "fighting words" after the punch, stated he was in the Army, and boasted about his strength. Mayer suffered a black eye, a broken nose, and a fractured orbital bone. He underwent reconstructive surgery to repair the orbital bone. Mayer continues to have headaches, has visible scars, and his eyes remain "puffy" from scar tissue. Dr. John Pitman, a plastic surgeon, explained that "significant force" is required to break the orbital bone.

Mayer's friend, Keith Taylor, left the bar after the defendant had struck Mayer. He explained it appeared the defendant was preparing to hit Mayer again. The defendant was standing over Mayer with his fist balled and his arm pulled back. When Taylor intervened, the defendant began beating Taylor. When Mayer asked another man to call the police, the defendant stopped the attack and fled.

Code § 18.2-51 provides that "[i]f any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill," he is guilty of malicious wounding. "To be guilty under Code § 18.2-51, a person must intend to permanently, not merely temporarily, harm another person." Johnson v. Commonwealth, 53 Va. App. 79, 101, 669 S.E.2d 368, 378 (2008).

"The state of mind of an accused may be shown by his acts and conduct. The finder of fact may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Rivers v. Commonwealth, 21 Va. App. 416, 421, 464 S.E.2d 549, 551 (1995). Ordinarily, use of fists alone will not support an inference of malice because the permissible inference that arises from striking with the fist would not prove an intent to harm permanently. Lee v. Commonwealth, 135 Va. 572, 578, 115 S.E. 671, 673 (1923). "Under ordinary

circumstances an intent to maim may not be presumed from a blow with a bare fist. But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969) (citations omitted).

In Johnson, this Court found a single blow with the fist provided sufficient evidence to support an inference of intent to permanently injure. Johnson, 53 Va. App. at 103, 669 S.E.2d at 380. Johnson emphasized that the attack on the victim was unprovoked and that the defendant struck his victim with sufficient force to inflict serious injury and with such momentum it caused both the defendant and the victim to fall to the ground. Furthermore, Johnson's statements both before and after the attack indicated "a premeditated attack." Id. at 103-04, 669 S.E.2d at 380.

As in Johnson, the defendant struck Mayer with such force as to injure seriously the victim. Immediately upon being hit, Mayer bled profusely and was dazed by the blow. Mayer required reconstructive surgery to repair the broken bone and continues to suffer from the effects of the beating. The severity of Mayer's injuries demonstrates a level of violence or brutality sufficient to find the existence of the requisite intent. Id. The defendant also taunted Mayer after the attack, threatened him, and bragged of his strength. An attacker's "statements after the incident" expressing his intent to harm the victim and indicating "pride in his actions," demonstrate an intent to permanently injure. Id. at 104-05, 669 S.E.2d at 380.

"'[A]n intent to maim or disfigure cannot be presumed from an act which does not naturally bespeak such intent.'" Campbell v. Commonwealth, 12 Va. App. 476, 496, 405 S.E.2d 1, 11 (1991) (en banc) (Benton, J., concurring in part and dissenting in part) (quoting Banovitch v. Commonwealth, 196 Va. 210, 217, 83 S.E.2d 369, 373 (1954)). However in this case, the defendant's threats and boasts about his strength indicated his awareness of the harm he could inflict. The trial court specifically noted the defendant punched the victim rather than merely

pushing him aside, and he struck the victim's eye rather than his shoulder or some other, less vulnerable part of his body.

The defendant's act of punching the victim in the face with great force and without provocation combined with the severity of the injuries and the statements after the attack, is sufficient evidence to permit the finding that the defendant acted with the intent to maim, disable, disfigure or kill.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>